# CASES ARGUED AND DECIDED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1911.

---

### ROSA PEDERRE *v.* STATE.

[54 South. 721.]

1. CRIMINAL LAW. *Credibility of witnesses. Evidence. Instructions.*

Where one of the witnesses for the state was employed as a detective to report "blind tigers," and testified that he was working for a salary and that the amount he was to receive did not depend upon the number of cases reported by him, but defendant proved that such witness had received one hundred dollars for nine cases of detective work, and offered to introduce an account filed by the witness with the board of aldermen, upon which said amount was allowed. It was error for the court to refuse to allow this account to be introduced as this might have materially affected his credibility with the jury.

2. INSTRUCTIONS. *Weight of evidence.*

An instruction for the state is erroneous which tells the jury, "That they are not authorized under the law to disregard the testimony of the witness merely because he is employed as a detective, but they must give the testimony of such witness the same credence as that

of any other witness, unless they believe from the testimony that such witness has knowingly and corruptly sworn falsely to a material fact in issue," as being upon the weight of evidence and the credibility of witnesses, which are matters peculiarly within the province of the jury, whose judgment should not be influenced by the views of the court in relation thereto.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Rosa Pederre was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

The defendant had a right to dispute his testimony, and to introduce proof to show that as a matter of fact Hammet was not hired and paid as a regular policeman, but on the contrary that he was a special detective, hired to prosecute persons engaged in the unlawful selling of intoxicating liquors, and that he charged and was paid by the "case." As a legal proposition this testimony was entirely competent for two reasons. In the first place it would contradict Hammet. In the second place it would prove a fact, or facts, which would discredit his testimony, at least things which would go to the credibility of his testimony, and which the jury would have a right to take into consideration in weighing his testimony.

Instruction No. 2 granted the state is not a correct announcement of the law on the subject. It puts the testimony of hired detectives on an equal footing with that of disinterested witnesses. The testimony of a hired detective is not on an equal footing with the testimony of disinterested witnesses. Its credibility is always affected by the interest or motive the detective may be shown to have in testifying. The jury were not told that they could consider any interest or motive the detective might be shown to have, in considering the degree of

credit to be given his testimony, but they were practically told they must believe his testimony and convict on it, unless they found that he had knowingly and corruptly sworn falsely, that is, unless he had committed willful perjury straight out. A jury would be authorized not only in disbelieving a detective whom they believed had committed perjury, but any other witness. This instruction was objected to and ought not to have been granted, and the court erred in granting it.

It was the duty of the court to tell the jury that in considering the testimony of the detective Hammet, they might take into consideration any interest or motive the testimony showed him to have in testifying, as affecting the credibility of his testimony. 2 Am. St. Rep. 838, 57 Am. Rep. 835, 97 Am. St. Rep. 457.

*Carl Fox,* assistant attorney-general, for appellee.

It is said that the court erred when it excluded the question: "You mean you were hired to go out and watch and look and listen to catch people while they were selling whiskey to other persons, or were you to go out and buy whiskey for the purpose of prosecution?" and other questions along the same line, which were excluded by the court. The argument made by learned counsel is that it was competent not only to show that Hammet was a detective, but to show the kind of detective he was as affecting his credibility. 4 Encl. Evi., 626 is cited. The text is, in substance, that there is a distinction between one who merely takes "necessary steps to secure evidence of wrong doing, and one who actually encourages and assists in the commission of the crime merely for the purpose of securing the conviction of the offender," and it is stated that the testimony of the former is not thereby rendered unworthy of credit, but that evidence that a detective is of the latter kind or pursues the last course mentioned affects his credibility. I think, as a matter of logic, this is correct, but

the trouble with learned counsel's argument is that Hammet had already, by his own testimony shown himself to be of the kind "who actively encourages and assists in the commission of the crime merely for the purpose of securing the conviction of the offender." His testimony is that he gave Charlie Drummond a dollar with which to induce the defendant to commit the crime of selling whiskey. He had already discredited himself within the principle contended for by appellant.

It is said that the second instruction granted the state is erroneous. Instruction No. 2 granted the state was proper. It is exactly true just as it is written, both in logic and in law. Instructions Nos. 3 and 4 refused the defendant, are argumentative and on the weight of evidence. If such instructions are ever proper, these do not correctly state the principle. They would have the effect of wholly destroying the testimony of a detective before the jury. See Abbott's Trial Brief, Criminal Causes, pages 652 and 653.

SMITH, J., delivered the opinion of the court.

This is an appeal from a conviction in the court below of the crime of unlawful retailing.

Appellant and Charlie Drummond, one of the witnesses for the state, are neighbors in the city of Hattiesburg, living only a short distance apart. H. R. Hammet, one of the witnesses for the state, was employed by the city of Hattiesburg as a special detective to ferret out and report blind tigers. On the 26th day of September, 1910, Hammet approached Drummond at or near his (Drummond's) residence, requested him to obtain for him a bottle of whiskey, and gave him the money to pay for it. It does not appear from the evidence where or from whom Hammet told Drummond to obtain the whiskey, and Hammet testifies that he does not know where Drummond obtained it, but that he went toward appellant's house and returned with the whiskey. Drummond testi-

fied that he purchased the whiskey from appellant. This was denied by appellant, and, as a part of her defense, she attempted to show that the whiskey was sold to Hammet by Drummond himself. Hammet and the chief of police of the city of Hattiesburg both testified that Hammet was working for a regular salary, and that the amount he was to receive did not depend upon the number of cases reported by him. Appellant proved by a member of the board of aldermen that this was not true, that Hammet had been paid one hundred dollars by the city, but that this was for "nine cases of detective work." Appellant then offered to introduce the account filed by Hammet with the board of aldermen upon which this allowance was made, but an objection was interposed thereto and sustained by the court. If Hammet was not working for a regular salary, but was paid for each case reported, this fact might have materially affected his credibility with the jury. The evidence was in conflict on this point, and the account filed by Hammet, upon which the allowance by the board of aldermen was made, would have disposed of that conflict. The court, therefore, erred in excluding it from the jury.

The second instruction granted the state is as follows: "The court instructs the jury, for the state, that they are not authorized under the law to disregard the testimony of a witness merely because he is employed as a detective; but they must give the testimony of such witness the same credence as that of any other witness, unless they believe from the testimony that such wtiness has knowingly and corruptly sworn falsely to a material fact in issue." The weight to be given such evidence, which, of course, varies with the circumstances of each case and the credibility of witnesses, are matters peculiarly within the province of the jury, and of which the jury should be permitted to judge, uninfluenced by the views of the court relative thereto. The giving of this instruction was, therefore, error.

As the other matters complained of may not occur on another trial, we express no opinion thereon.

*Reversed and remanded.*